**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **RAVGEN, INC.,** | **CIVIL ACTION NO. 6:20-CV-00972-ADA** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **QUEST DIAGNOSTICS INC.,** | |
| **Defendant.** | |

## PLAINTIFF RAVGEN, INC.'S SUBMISSION OF REQUESTED SUPPLEMENTAL LEGAL AUTHORITY

During the *Markman* hearing in the above-captioned case, the Court requested that the parties submit case law regarding the assertion by Counsel for Defendant Quest Diagnostics Inc. ("Quest") that "'cell lysis inhibitor' must be narrower than 'agent that inhibits lysis'" "[b]ecause . . . the legal principal is that if 'cell lysis inhibitor' were as broad as the 'agent that inhibits lysis' term as a whole, then it would render the other options within the Markush group superfluous." Dkt. No. 57 (Markman Transcript) at 30:22-31:3, 57:20-25.   Pursuant to that to request, Plaintiff Ravgen, Inc. ("Ravgen") respectfully submits the following additional legal authority.

The Federal Circuit has held that redundancy between members of a *Markush* group does ***not*** necessarily render a claim indefinite.  *See Eli Lilly and Company v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1371 (Fed. Cir. 2017) (internal quotation omitted) (holding that the claim term "vitamin B12" was not indefinite despite finding that under the correct interpretation of that term, the claim "recites a Markush group of 'methylmalonic acid lowering agents' that lists the same compound twice"); *see also, e.g., Team Worldwide Corp. v. Wal-Mart Stores, Inc.,* 2018 WL 1353116, at *12 fn. 13 (E.D. Tex. March 15, 2018) ("The Court disagrees that redundancy of

1

limitations in a claim necessarily renders the claim invalid.").  Rather, the Federal Circuit in *Eli Lily* explained that "[a]lthough we have in some instances interpreted claim terms to avoid redundancy, the rule is not inflexible."  *Eli Lilly*, 845 F.3d at 1371.  Similarly, in the context of analyzing dependent claims, the Federal Circuit has held that the doctrine of claim differentiation is merely a presumption that "will be overcome by a contrary construction dictated by the written description or prosecution history."  *Fenner Investments, Ltd. v. Cellco Partnership*, 778 F.3d 1320, 1327 (Fed. Cir. 2015) (quoting *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1305 (Fed. Cir. 2011)) (holding that the district court did not err in construing a claim limitation in a way that rendered a dependent claim redundant and superfluous).

Thus, Quest's assertion that, as a legal matter, "'cell lysis inhibitor' ***must*** be narrower than 'agent that inhibits lysis'" is incorrect.  Accordingly, even if the Court were to find those claim terms to be coextensive,[1] such a finding would not render the agent limitation indefinite.

---

[1] Notably, the parties appear to agree that those claim terms are ***not*** coextensive in view of the intrinsic record because the agent limitation does not cover all possible ways of preventing or reducing cell lysis.  For example, Quest concedes that the agent limitation does not encompass non-chemical means for inhibiting lysis, such as modifications to the blood draw or centrifugation protocols.  *See* Dkt. No. 55 at 6.  Further, Quest admits that the intrinsic record clearly demonstrates that the agent limitation excludes at least one category of chemical reagents: anticoagulants.  *Id.* at 7 n.4 ("that the ***agent term excludes anticoagulants*** . . . merely shows that one category of materials is not included in the agent term"); *id.* at 3 (Ravgen is wrong that ***its disclaimer of EDTA and other reagents that indirectly inhibit cell lysis*** resolves the confusion.") (emphasis added).

Dated:  September 22, 2021

By:  /s/ *Kerri-Ann Limbeek* (*pro hac vice*)

Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

John M. Desmarais (*pro hac vice*)
Kerri-Ann Limbeek (*pro hac vice*)
Jamie L. Kringstein (*pro hac vice*)
Kyle G. Petrie *(pro hac vice)*
Joze Welsh (*pro hac vice*)
Jun Tong (*pro hac vice*)
Deborah J. Mariottini  (*pro hac vice*)
Peter Zhu (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jdesmarais@desmaraisllp.com
klimbeek@desmaraisllp.com
jkringstein@desmaraisllp.com
kpetrie@desmaraisllp.com
jwelsh@desmaraisllp.com
jtong@desmaraisllp.com
dmariottini@desmaraisllp.com
pzhu@desmaraisllp.com

*Attorneys for Ravgen, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 22, 2021.

Dated: September 22, 2021

/s/ *Kerri-Ann Limbeek*

Kerri-Ann Limbeek
E-mail: klimbeek@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401